## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>LMCHH PCP, LLC,[1]<br><br>                 Debtors. | Chapter 11<br>Bankr. Case No. 17-10201-LSS<br>(Jointly Administered) |
| BARBARA KUSNICK, on behalf of herself and all others similarly situated,<br><br>              Plaintiff,<br><br>     v.<br><br>LMCHH PCP, LLC and LOUISIANA MEDICAL CENTER AND HEART HOSPITAL, LLC,<br>*aka* LOUISIANA HEART HOSPITAL, LLC,<br><br>             Defendants. | Adv. Pro. No. _____ - _____ |

### CLASS ACTION ADVERSARY PROCEEDING COMPLAINT
### FOR VIOLATION OF WARN ACT 29 U.S.C. § 2101, *et seq.*

Plaintiff Barbara Kusnick ("Plaintiff") alleges on behalf of herself and a putative class of similarly situated former employees of LMCHH PCP, LLC and Louisiana Medical Center and Heart Hospital, LLC, *aka* Louisiana Heart Hospital, LLC ("Debtors" or "Defendants") by way of this Class Action Adversary Proceeding Complaint against Defendants as follows:

### NATURE OF THE ACTION

1.     This is a class action for the recovery by Plaintiff Barbara Kusnick and the other similarly situated employees of Defendants for damages in the amount of 60 days' pay and

---

[1] The Debtors in these cases are LMCHH PCP, LLC (Bankr. Case No. 17-10201-LSS) and Louisiana Medical Center and Heart Hospital, LLC (Case No. 17-10202-LSS). The last four digits of the taxpayer identification numbers for each of the Debtors follow in parenthesis: (i) LMCHH PCP LLC (8569); and (ii) Louisiana Medical Center and Heart Hospital, LLC (7298). The mailing address for the Debtors is 64030 Highway 434, Lacombe, LA 70445.

ERISA benefits by reason of Defendants' violation of the Worker Adjustment and Retraining

Notification Act, 29 U.S.C. §§ 2101 *et seq*. (the "WARN Act").

2.       Plaintiff received notice of termination by mail on February 2, 2017 without 60

days' notice as part of, or as the foreseeable result of, a mass layoff or plant shutdown ordered by

Defendants.  Such termination fails to give Plaintiff and other similarly situated employees of

Defendants at least 60 days' advance notice of termination, as required by the WARN Act.  As a

consequence of such a WARN Act violation, Plaintiff and other similarly situated employees of

Defendants seek their statutory remedies.

## JURISDICTION AND VENUE

3.       This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1334

and 29 U.S.C. § 2104(a)(5).

4.       This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B) and (O).

5.       Venue is proper in this District pursuant to 28 U.S.C § 1409 and 29 U.S.C. §

2104(a)(5).

## THE PARTIES

### *Plaintiff*

6.       Plaintiff Barbara Kusnick worked at Defendants' location at 64030 Hwy 434,

Lacombe, LA 70445 (the Facility) and held the position of Project Planner & Data Analyst until

her termination on February 3, 2017.

7.       On or around January 30, 2017, Defendants informally informed employees that

they should expect to be laid off within one month in a shutdown of operations.

8.       On February 2, 2017, Plaintiff received notice by mail that she was subject to

termination.

2

9.      On February 3, 2017, Plaintiff went to work and was told in the afternoon she was terminated.

### *Defendants*

10.     Upon information and belief, Defendant LMCHH PCP, LLC is a Delaware corporation with its principal place of business located at 64030 Hwy 434, Lacombe, LA 70445 (the "Lacombe Facility").

11.     Upon information and belief, Defendant Louisiana Medical Center and Heart Hospital, LLC, *aka* Louisiana Heart Hospital, LLC is a Delaware corporation with its principal place of business located at 64030 Hwy 434, Lacombe, LA 70445 (the "Lacombe Facility").

12.     Upon information and belief at all relevant times, Defendants owned, maintained and operated their business employing more than 400 employees at its Facilities, as that term is defined by the WARN Act.

13.     On January 30, 2017, Debtors filed their voluntary petitions for relief under Chapter 11 of Title 11 of the United States Bankruptcy Code.

14.     Until her termination by Defendants, Plaintiff and the other similarly situated persons were employees of Defendants who worked at, received assignments from, or reported to Defendants' Facility.

### FEDERAL WARN ACT CLASS ALLEGATIONS

15.     Plaintiff brings this Claim for Relief for violation of 29 U.S.C. § 2101 *et seq*., on behalf of herself and on behalf of all other similarly situated former employees, pursuant to 29 U.S.C. § 2104(a)(5) and Fed. R. Civ. P. 23(a), who worked at, received assignments from, or reported to Defendants' Facility and were terminated without cause beginning on or about February 3, 2017, and within 30 days of that date, or were terminated without cause as the

reasonably foreseeable consequence of the mass layoffs and/or plant closings ordered by Defendants on or about February 3, 2017 and who are affected employees, within the meaning of 29 U.S.C. § 2101(a)(5) (the "WARN Class").

16. The persons in the WARN Class identified above ("WARN Class Members") are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, the facts on which the calculation of that number can be based are presently within the sole control of Defendants.

17. Upon information and belief, Defendants employed more than 100 full-time employees who worked at or reported to the Facilities.

18. On information and belief, the identity of the members of the class and the recent residence address of each of the WARN Class Members is contained in the books and records of Defendants.

19. On information and belief, the rate of pay and benefits that were being paid by Defendants to each WARN Class Member at the time of his/her termination is contained in the books and records of Defendants.

20. Common questions of law and fact exist as to members of the WARN Class, including, but not limited to, the following:

(a) whether the members of the WARN Class were employees of the Defendants who worked at or reported to Defendants' Facility;

(b) whether Defendants unlawfully terminated the employment of the members of the WARN Class without cause on their part and without giving them 60 days advance written notice in violation of the WARN Act; and

(c)        whether Defendants unlawfully failed to pay the WARN Class members 60 days wages and benefits as required by the WARN Act.

21.        Plaintiff's claims are typical of those of the WARN Class.  Plaintiff, like other WARN Class members, worked at or reported to Defendants' Facility and was terminated beginning on or about February 3, 2017, due to the mass layoff and/or plant closing ordered by Defendants.

22.        Plaintiff will fairly and adequately protect the interests of the WARN Class. Plaintiff has retained counsel competent and experienced in complex class actions, including the WARN Act and employment litigation.

23.        On or about February 3, 2017, Plaintiff was terminated by Defendants.  This termination is part of a mass layoff or a plant closing as defined by 29 U.S.C. § 2101(a)(2), (3), for which she was entitled to receive 60 days advance written notice under the WARN Act.

24.        Class certification of these claims is appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the WARN Class predominate over any questions affecting only individual members of the WARN Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of WARN Act litigation, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate Defendants, and damages suffered by individual WARN Class members are small compared to the expense and burden of individual prosecution of this litigation.

25.     Concentrating all the potential litigation concerning the WARN Act rights of the members of the Class in this Court will obviate the need for unduly duplicative litigation that might result in inconsistent judgments, will conserve the judicial resources and the resources of the parties and is the most efficient means of resolving the WARN Act rights of all the members of the Class.

26.     Plaintiff intends to send notice to all members of the WARN Class to the extent required by Rule 23.

27.     The relief sought in this proceeding is equitable in nature.

## CLAIM FOR RELIEF

## Violation of the Federal WARN Act

28.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

29.     At all relevant times, Defendants employed more than 100 employees who in the aggregate worked at least 4,000 hours per week, exclusive of hours of overtime, within the United States.

30.     At all relevant times, Defendants were an "employer," as that term is defined in 29 U.S.C. § 2101 (a)(1) and 20 C.F.R. § 639(a)(3), and continued to operate as a business until they decided to order mass layoffs or plant closings at the Facility.

31.     Beginning on or about February 3, 2017, Defendants ordered a mass layoff and/or plant closing at the Facility, as those terms are defined by 29 U.S.C. § 210l(a)(2) and 20 C.F.R. § 639.3(i).

32.     The mass layoff or plant closing at the Facility resulted in "employment losses," as that term is defined by 29 U.S.C. §2101(a)(2) for at least fifty of Defendants' employees as well as thirty-three percent (33%) of Defendants' workforce at the Facilities, excluding "part-time employees," as that term is defined by 29 U.S.C. § 2101(a)(8).

33.     Plaintiff and the Class Members were terminated by Defendants without cause on their part, as part of or as the reasonably foreseeable consequence of the mass layoffs or plant closings ordered by Defendants at the Facilities.

34.     Plaintiff and the Class Members are "affected employees" of Defendants, within the meaning of 29 U.S.C. § 2101(a)(5).

35.     Defendants were required by the WARN Act to give the Plaintiff and the Class Members at least 60 days advance written notice of their terminations.

36.     Defendants failed to give Plaintiff and the Class members written notice that complied with the requirements of the WARN Act.

37.     Plaintiff and each of the Class Members are "aggrieved employees" of Defendants as that term is defined in 29 U.S.C. § 2104(a)(7).

38.     Defendants failed to pay Plaintiff and each of the Class Members their respective wages, salary, commissions, bonuses, accrued vacation and personal time off for 60 days following their respective terminations, and failed to make the pension and 401(k) contributions and provide employee benefits under COBRA for 60 days from and after the dates of their respective terminations.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of all other similarly situated persons, prays for the following relief as against Defendants:

7

A.    Certification of this action as a class action;

B.    Designation of Plaintiff as Class Representative;

C.    Appointment of the undersigned attorneys as Class Counsel;

D.    An allowed post-petition administrative expense claim or, in the alternative, a wage

priority claim for up to $12,850 of the WARN Act claims of Plaintiff and each of

the other similarly situated former employees under 11 U.S.C. § 507(a)(4) and (5),

and the remainder as a general unsecured claim, equal to the sum of: (i) unpaid

wages, salary, commissions, bonuses, accrued holiday pay, accrued vacation pay

pension and 401(k) contributions and other ERISA benefits, for 60 days, that would

have been covered and paid under the then applicable employee benefit plans had

that coverage continued for that period, all determined in accordance with the

federal WARN Act, 29 U.S.C. §2104(a)(1)(A) against Defendants in favor of

Plaintiff and the other similarly situated former employees equal to those sums;

E.    Reasonable attorneys' fees and the costs and disbursements that Plaintiff will incur

in prosecuting this action, as authorized by the federal WARN Act; and

F.    Such other and further relief as this Court may deem just and proper.


Dated: February 5, 2017

Respectfully submitted,


By: /s/Christopher D. Loizides
Christopher D. Loizides (No. 3968)
**LOIZIDES, P.A.**
1225 King Street, Suite 800
Wilmington, Delaware  19801
Telephone:    (302) 654-0248
Facsimile:    (302) 654-0728
E-mail:       loizides@loizides.com

Jack A. Raisner
René S. Roupinian
**OUTTEN & GOLDEN LLP**
685 Third Avenue, 25th Floor
New York, New York 10017
Telephone:      (212) 245-1000
Facsimile:      (646) 509-2060
E-mail:          jar@outtengolden.com
                 rsr@outtengolden.com

*Attorneys for the Plaintiff and the putative class*